# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Cecelia Ann Stanifer** | Civil No. 10-806 (ADM/SRN) |
| **Petitioner,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **Warden Rios and/or** <br> **Warden English,** <br> **FCI-Waseca,** | |
| **Respondents.** | |

Cecelia Ann Stanifer, FCI Waseca, PO Box 1731, Waseca, Minnesota 56093, pro se

Gregory Brooker and Ana Voss, Office of the United States Attorney, 300 South 4th Street, Minneapolis, Minnesota 55415, for Respondents

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-captioned matter comes before the undersigned United States Magistrate Judge on Petitioner Cecelia Ann Stanifer's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the petition be denied.

## I. BACKGROUND

Petitioner Cecelia Stanifer is a federal prisoner incarcerated at the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca"). She is serving a 70-month sentence of imprisonment, followed by three years of supervised release, for conspiracy to commit bank fraud and possessing a counterfeit security. (Buege Decl. at ¶ 3, Doc. No. 7.) Stanifer has a projected release date of May 15, 2011. (Id.) Staff at FCI-Waseca determined that Stanifer

would spend the last 180 days of her sentence in an RRC, beginning in November 2010. (See Letter of 8/10/09 from R. Rios to A. Klobuchar at 1-2, Doc. No. 2-1.)

On March 15, 2010, Petitioner filed her Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, after having filed appeals through the BOP's administrative process. (Doc. No. 1.) She claims that the Bureau of Prisons (BOP) violated the Second Chance Act ("SCA") of 2007, 18 U.S.C. §§ 3621(b) and 3624(c ) and 42 U.S.C. § 17541, by failing to evaluate her on an individualized basis for an additional 60-90 day Residential Reentry Center ("RRC") placement beyond the six months currently recommended.[1] (Pet. at 3; Pl.'s Mem. at 1.) Petitioner alleges that the decision to provide her with six months of RRC placement was made without proper assessment of her individualized needs or whether any extraordinary circumstances applied to her case. (Id. at 4-5.)

In addition, Petitioner challenges the validity of an April 14, 2008 BOP memorandum (Ex. A to Miller Decl.), and a subsequent November 14, 2008 memorandum (Ex. B to Miller Decl.), which indicates that RRC placements beyond six months are recommended only when there are unusual or extraordinary circumstances and then only upon approval from the BOP regional director. (Id. at 4.)

Petitioner requests that the Court order the BOP to reconsider a longer RRC placement in accordance with the SCA and to disregard the limitations imposed by the BOP memoranda. (Id. at 6.)

Respondents, the current and former wardens of FCI-Waseca, reply that Stanifer's Petition should be denied, because she is not entitled to the relief she seeks. Respondents

---

[1] RRCs were previously known as community confinement centers (CCCs).

contend that Congress gave the BOP the discretion to determine where to house an inmate and the discretion to determine, through individualized consideration required by the SCA, the length of time that an inmate spends in an RRC. Respondents contend that Stanifer's 180-day RRC placement was determined in compliance with the SCA and is appropriate for her needs. Additionally, Respondents argue that Warden English, the current warden at FCI-Waseca, is the only proper respondent in this case pursuant to 28 U.S.C. § 2242, and that Warden Rios should be dismissed as a respondent.

## II. DISCUSSION

### A. Proper Respondent

The federal habeas statute provides that an application for a writ of habeas corpus must allege the facts concerning the applicant's commitment or detention and name the person who has custody over the applicant. 28 U.S.C. § 2242; see also § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The Supreme Court has held that the person having custody over a prisoner is typically the warden of the facility in which the prisoner is currently held, reasoning, "[t]he consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." Rumsfeld v. Padilla, 542 U.S. 426, 434-435 (2004). Accordingly, only the current warden of FCI-Waseca, Warden English, is the proper respondent, and the former warden, Warden Rios, should be dismissed from this action.

### B. Application of SCA

Pursuant to 18 U.S.C. § 3621(b), the BOP possesses the authority to designate an

inmate's place of imprisonment. In exercising its authority, the BOP is to consider the following criteria:

>(1) the resources of the facility contemplated;
>
>(2) the nature and circumstances of the offense;
>
>(3) the history and characteristics of the prisoner;
>
>(4) any statement by the court that imposed the sentence--
>
>>(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>>(B) recommending a type of penal or correctional facility as appropriate; and
>
>(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C.A. § 3621(b). In addition, 18 U.S.C. § 3624 provides further direction related to the end of a prisoner's term of imprisonment. That statute directs the BOP to ensure, "to the extent practicable," that a prisoner "spends a portion of the final months of [the term of imprisonment] (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). Such conditions may include an RRC placement. Id.

Further, 18 U.S.C. § 3624 directs the BOP to issue regulations to ensure that its RRC placements are conducted in a manner consistent with § 3621(b), determined on an individual basis, and are "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). The SCA was signed into law on April 9, 2008, see Pub. L. No. 110-199, and due to the length of the rule-making process in promulgating the

4

regulations, the BOP issued interim guidance regarding RRC placements in an April 14, 2008 Memorandum for Chief Executive Officers. (See 4/14/08 Memo, Ex. A to Miller Decl.); see also, Miller v. Whitehead, 527 F.3d 752, 755 (8th Cir. 2008) (addressing the interim guidance issued by the BOP). The April 14, 2008 Memorandum instructed BOP staff that the SCA permitted RRC placement for up to 12 months and that "Bureau staff must approach every individual inmates' assessment with the understanding that he/she is now eligible for a maximum of 12 months pre-release RRC placement." (Id. at 2-4, Ex. A to Miller Decl.) (emphasis in original). The memo added that because "Bureau experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less, additional approval is necessary if staff concludes that a particular inmate requires a longer RRC placement." (Id. at 4.)

A subsequent November 14, 2008 Memorandum for Chief Executive Officers provided that "[a]n RRC placement beyond six months should only occur when there are unusual or extraordinary circumstances justifying such placement, and the Regional Director concurs." (11/14/08 Memo at 3, Ex. B to Miller Decl.) The November 14, 2008 Memorandum also stated that the guidance provided in the April 14, 2008 Memorandum remained in full effect. (Id. at 1, n.1.)

In light of this background, this Court has previously held that a prisoner does not have an enforceable legal right to a twelve-month placement in an RRC. O'Hara v. Rios, 08-CV-5160 (JRT/JJK), 2009 WL 3164724, at *2 (D. Minn. Sept. 28, 2009) (citing Elwood v. Jeter, 386 F.3d 842, 847 (8th Cir. 2004); Morrow v. Rios, No. 08-CV-320 (JRT/RLE), 2009 WL 924525, at *2 (D. Minn. Mar. 31, 2009)). "Rather, federal law simply requires that the BOP make an individualized determination of the appropriate RRC period, with attention to the specific factors

listed in 18 U.S.C. § 3521(b)." O'Hara, 2009 WL 3164724, at *2.

The challenged memoranda correctly describe the BOP's directive under the SCA. Moreover, this Court has upheld the BOP's interpretation of its discretion to make RRC decisions, as expressed in the April 14, 2008 Memorandum, holding, "The exercise of BOP discretion with respect to the 12-month RRC placement as permitted under the SCA was not restricted or precluded . . .by language contained in the April 14, 2008, memorandum." Esters v. Jett, 09-CV-1667 (MJD/AJB), 2009 WL 3417900, at *4 (D. Minn. Oct. 21, 2009).

The April 14, 2008 Memorandum instructed staff that the SCA increased RRC placements up to a twelve-month period and that placement determinations were to be made on an individual basis, according to the criteria set forth in 18 U.S.C. § 3621(b). It further directed staff to approach every assessment with the understanding that an inmate is eligible for a maximum of twelve months of RRC placement. (4/14/08 Mem. at 4.) However, the April Memorandum further noted that while the SCA provides for up to twelve months of placement, BOP experience reflected that RRC placement of six months or less could usually accommodate an inmate's needs. (Id.) The November 14, 2008 Memorandum noted that an RRC placement beyond six months should only occur when warranted by unusual or extraordinary circumstances. (11/14/08 Mem. at 3.) This guidance is not inconsistent with the SCA. "Even if a statutory scheme requires individualized determinations, ... the decisionmaker has authority to rely on rulemaking to resolve certain issues of general applicability unless Congress clearly expresses an intent to withhold that authority." Miller, 527 F.3d at 757 (citing Lopez v. Davis, 531 U.S. 230, 243-44 (2001) (internal quotation omitted)). Moreover, the Eighth Circuit has held that federal courts ought to afford appropriate deference and flexibility to prison officials

concerning management of the prison environment. See Hosna v. Groose, 80 F.3d 298, 304 (8th Cir. 1996), cert. denied, 519 U.S. 860 (1996). For all of these reasons, the April and November 2008 Memoranda remain valid authority.

The record before the Court demonstrates that the BOP provided Petitioner with the individualized RRC placement determination required by the SCA. BOP staff reviewed Petitioner for RRC placement under the five factors enumerated in 18 U.S.C. § 3621(b). (See Buege Decl. ¶ 6.) As to the resources of the available facility, the review team plans to release Stanifer to a Minneapolis RRC, a city in which she has family and financial support. The review team found that the resources of the Minneapolis RRC are well-suited to assist Stanifer in her transition, as the facility offers transitional services for drug treatment aftercare and the assistance of an Employee Specialist to help Petitioner find full-time employment. (Id.) In terms of her history and characteristics, Petitioner argues that the BOP failed to adequately consider this factor, particularly as to characteristics demonstrated during her incarceration. (Pet'r Reply Mem. at 3.) However, the record reflects that the BOP found that Stanifer had gained employable skills in vocational training while incarcerated – a finding relevant to her history and characteristics. (Buege Decl. ¶ 6.) In addition, the team considered the nature and circumstances of Petitioner's offense, which involved a scheme to steal checks from the United States mail and print false checks using information obtained from the stolen checks. As to statements and recommendations from the sentencing court, the BOP found no such statements, nor did the BOP find that the United States Sentencing Commission issued any policy statements applicable to Petitioner. (Id.)

In short, BOP staff considered, on an individualized basis, whether RRC placement was appropriate for Stanifer, using the factors listed in 18 U.S.C. § 3621(b).  Having been instructed that Petitioner was eligible for a placement of up to twelve months, the staff reasonably concluded that, based on her specific circumstances, six months was a sufficient period of time in which to assist Stanifer's reentry into the community.   Petitioner's argument does not establish the existence of circumstances warranting relief and does not state grounds upon which to conclude that the BOP failed to address certain criteria or based its determination on RRC placement on improper factors or limits on its discretion.  The Court therefore recommends the denial of the Petition.

Therefore, **IT IS HEREBY RECOMMENDED that:**

1. Respondent Rios be **DISMISSED** from this case;

2. The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) be **DENIED**; and

3. This action be **DISMISSED WITH PREJUDICE**.

Dated: September 13, 2010

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **September 28, 2010** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.