# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Cecelia Ann Stanifer,

        Petitioner,                           **MEMORANDUM OPINION AND ORDER**

        v.                           Civil No. 10-806 ADM/SRN

Warden Rios and/or Warden English,
FCI-Waseca,

        Respondents.

___

Cecelia Ann Stanifer, pro se.

Gregory Brooker, Esq., and Ana Voss, Esq., Office of the United States Attorney, on behalf of Respondents.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Petitioner Cecelia Ann Stanifer's ("Stanifer") Objection [Docket No. 11] to the September 13, 2010 Report and Recommendation [Docket No. 10] ("R&R") of Magistrate Judge Susan Richard Nelson. The R&R recommends denial of Stanifer's Petition for a Writ of Habeas Corpus [Docket No. 1] pursuant to 28 U.S.C. § 2241 (the "Petition"). For the reasons set forth below, Stanifer's Objection is overruled, the R&R is adopted, the Petition is denied, and this action is dimissed with prejudice.

## II. BACKGROUND

Stanifer is currently incarcerated at the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca"), serving a 70-month sentence, followed by three years of supervised release, for conspiracy to commit bank fraud and possessing a counterfeit security. Buege Decl.

[Docket No. 7] at ¶ 3. Staff at FCI-Waseca assigned Stanifer to spend the last 180 days of her sentence in a Residential Reentry Center ("RRC"), beginning in November 2010. See Mem. in Supp. of Pet'r's Mot. for Habeas Corpus Pursuant to 18 USC § 2241 [Docket No. 2], Ex. 1, August 10, 2009 letter from R. Rios to A. Klobuchar at 1–2. Stanifer filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on March 15, 2010, asserting that the Bureau of Prisons ("BOP") violated the Second Chance Act ("SCA") of 2007, 18 U.S.C. §§ 3621(b) and 3624(c) and 42 U.S.C. § 17541, by failing to evaluate her on an individualized basis for an additional 60–90 day RRC placement beyond the six months initially recommended. Stanifer also challenged the validity of two BOP memoranda, one dated April 14, 2008 (the "4/14 Memo") and the other dated November 14, 2008 (the "11/14 Memo"). The BOP memoranda allow RRC placements beyond six months only if "extraordinary circumstances" are present and only with approval from the BOP Regional Director. See Miller Decl. Ex. A at 4 (stating approval from Regional Director is required for placements beyond six months), Ex. B at 3-4 (stating "extraordinary circumstances" requirement and noting need for approval by Regional Director). Judge Nelson issued an R&R recommending dismissal of Warden Rios, denial of the Petition, and dismissal with prejudice of the action. Stanifer now objects.

### III.  DISCUSSION

#### A.  Standard of Review

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

**B. Judge Nelson's R&R**

The R&R found Warden English to be the only proper respondent in the case, pursuant to 28 U.S.C. § 2242 and 28 U.S.C. § 2243. R&R at 3. The R&R further found that the BOP provided Stanifer with the individualized RRC placement determination required by the SCA and reasonably concluded that six months was a sufficient period of time to assist her reentry into the community. Id. at 3-8.

Stanifer objects to the R&R by arguing generally that the BOP failed to provide an individualized assessment of her suitability for RRC, and specifically that the BOP failed to consider in an individualized manner her request for an additional 60–90 days in RRC. Further, Stanifer argues that the BOP did not consider her pre-incarceration characteristics when conducting its assessment.

**C. BOP Properly Determined Stanifer's RRC Placement**

The BOP's evauation of Stanifer fully complied with the requirements of the SCA. The SCA requires that placements are determined on an individual basis. 18 U.S.C. § 3624(c)(6)(B). Where a statutory scheme requires individualized determinations, the designated decisionmaker may rely on rules to resolve general issues unless Congress clearly expresses a contrary intent. Miller v. Whitehead, 527 F.3d 752, 757 (8th Cir. 2008). The SCA and BOP memoranda call for a five-factor assessment in determining inmate placement. 18 U.S.C. § 3621(b); Miller Decl. Ex. A at 3, Ex. B at 2. Additionally, the 11/14 Memo allows for RRC placement beyond six months only under "extraordinary circumstances" and only with the concurrence of the Regional Director of the BOP. Miller Decl. Ex. B at 3.

The BOP evaluated Stanifer using the five-factor individualized assessment mandated by SCA and explained by the two BOP memoranda. Stanifer claims that this assessment did not consider her pre-incarceration history, in violation of the SCA. Miller, 527 F.3d at 758. However, the record indicates that the BOP *did* consider Stanifer's pre-incarceration history, including her family situation, her home prior to incarceration, and her history of drug abuse. Buege Decl. ¶ 6. Further, Stanifer misreads Miller to *require* the BOP to consider pre-incarceration characteristics. On the contrary, Miller stands for the proposition that the "characteristics of the prisoner" consideration is *not limited* to pre-incarceration. Miller, 527 F.3d at 758. Therefore, the BOP committed no error in determining Stanifer's RRC placement.

Stanifer further claims that her appeal of the 180-day RRC determination, in which she requested 60–90 additional days of RRC, was not individually assessed in violation of the SCA. However, neither the SCA nor the BOP memoranda require the BOP to conduct any additional individualized assessment in response to Stanifer's appeal. See 18 U.S.C. §§ 3621(b), 3624(c); 42 U.S.C. § 17541; Miller Decl. Exs. A, B. The arguments citing the difficulties Stanifer will face acclimating to life outside of prison have merit but are not unusual and do not entitle her to legal relief.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Stanifer's Objection [Docket No. 11] is **OVERRULED**;

2. Judge Nelson's R&R [Docket No. 10] is **ADOPTED**;

3. Stanifer's Petition for a Writ of Habeas Corpus [Docket No. 1] is **DENIED**; and

4

4. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


　　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 10, 2010.